UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MIJEL CHAVIRA, | CASE NO.   1:11-cv-01718-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| R. C. Ruth, | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Ruben Mijel Chavira, a state prisoner incarcerated at Kern Valley State Prison ("KVSP"), is proceeding pro se and in forma pauperis in this civil rights action filed in the United States District Court for the Northern District of California ("CAND") on October 11, 2011 pursuant to 42 U.S.C. § 1983 (Compl., ECF No. 1), and transferred to the United States District Court for the Eastern District of California on October 14, 2011.

-1-

(Order of Transfer, ECF No. 3.)

Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff's Complaint is disjointed, barely legible and difficult to understand. It appears to allege as follows:

While at KVSP in January 2010 Plaintiff was told by a doctor he would be going to an outside hospital for surgery on his left hand. (Compl. at 3.) He initiated a related

prison appeal in June 2011. (Id.) Defendant Ruth reviewed his appeal at the First Level. (Id.) He filed a claim with the State Victim Compensation and Government Claims Board in August 2011; it was rejected in September of 2011. (Id. at 5-6.)

He names as Defendant R.C. Ruth, Health Care Manager and Director of Nurses at KVSP. (Id. at 2-3.)

He seeks money damages for medical and mental distress. (Id. at 3.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

///////

### B. Section 1983 Linkage Requirement

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, a plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

If Plaintiff chooses to amend, he must link the named defendant to some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C. Inmate Appeals Process

Plaintiff alleges that Defendant Ruth reviewed his appeal.

A defendant's actions in responding to a prison appeal alone cannot give rise to a claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v.

Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff can not state a claim in this regard as he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals. Amendment of this claim would be futile. Leave to amend will not be granted.

### D.    Inadequate Medical Care

Plaintiff may be undertaking to claim that he received inadequate medical care in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and

disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42.

Plaintiff fails to allege facts demonstrating a serious medical need. The allegation that a doctor told him he would be going to an outside hospital for surgery relating to a metal plate in his left hand, without more, does not show a serious medical condition. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). The court should consider whether a reasonable doctor would think that the condition is worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). Here the Court is left to speculate in these regards.

Plaintiff also fails to allege facts suggesting Defendant Ruth acted with deliberate indifference to any serious health risk or need. Plaintiff's mere disagreement or dissatisfaction with the care and treatment provided to him or even a harmless delay in providing it does not state a constitutional claim for deliberate indifference. See Toguchi

v. Chung, 391 F.3d 1051,1058 (9th Cir. 2004). The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Plaintiff's Complaint does not allege fact supporting a plausible Eighth Amendment deliberate indifference claim against Defendant Ruth. The Court will allow Plaintiff another opportunity to amend this claim. If Plaintiff chooses to amend he must set forth sufficient facts plausibly showing a serious medical need and a deliberately indifferent response to that need on the part of Defendant Ruth.

### E.    Mental and Emotional Damages

Plaintiff is advised The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." See Oliver v. Keller, 289 F.3d 623, 627–29 (9th Cir. 2002) (allegations of severe and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in a fight not more than de minimis ). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

If Plaintiff chooses to amend and brings a claim for mental or emotional injury he should include sufficient facts complying with the physical injury requirement.

### V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will

grant Plaintiff one opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed October 11, 2011,
2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 16, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE