1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

RUBEN MIJEL CHAVIRA,          CASE NO.    1:11-CV-01718-MJS (PC)

11

               Plaintiff,         ORDER DISMISSING PLAINTIFF'S
ACTION WITH PREJUDICE FOR FAILURE
TO STATE A CLAIM

12
13

    v.                    (ECF NO. 17)

14

R. C. Ruth,                CLERK TO CLOSE FILE

15
16

              Defendant.     DISMISSAL IS SUBJECT TO 28 U.S.C. §
1915(g)

17

_____/

18
19
20

### SECOND SCREENING ORDER

21
22

**I.**    **PROCEDURAL HISTORY**

23

       Plaintiff Ruben Mijel Chavira, a state prisoner incarcerated at Kern Valley State

24

Prison ("KVSP") is proceeding pro se and in forma pauperis in this civil rights action filed

25

in the United States District Court for the Northern District of California on October 11,

26

2011 pursuant to 42 U.S.C. § 1983 (Compl., ECF No. 1), and transferred to the United

27

States District Court for the Eastern District of California on October 14, 2011. (Order of Transfer, ECF No. 3.)

Plaintiff's Complaint was dismissed for failure to state a claim but he was given leave to file an amended complaint. (Order Dismss. Compl., ECF No. 16.)

Plaintiff filed a First Amended Complaint (First Am. Compl,, ECF No. 17) which is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

///////

**III.   SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff reiterates claims in his original Complaint that during 2009-2011 while at KVSP a doctor told him he would be sent to an outside hospital for surgery relating to a metal plate in his left hand, but he was not sent out for such surgery. (First Am. Compl., at 4.) He additionally alleges that "[h]e was discriminated [against]" in this regard. (Id.)

He names as Defendant R.C. Ruth, Health Care Manager and Director of Nurses at KVSP. (Id. at 3-4.)

He seeks money damages for pain and suffering and medical and mental distress. (Id. at 4.)

**IV.   ANALYSIS**

**A.   Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.    Section 1983 Linkage Requirement**

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, a plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

Plaintiff was advised of these linkage requirements in the original screening order and advised that his initial pleading failed to link Defendant Roth to any act or omission that demonstrates a violation of Plaintiff's federal rights and given an opportunity to correct deficiencies. He has again failed allege facts plausibly linking Defendant Roth to some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**C.    Inadequate Medical Care**

Plaintiff alleges he received inadequate medical care in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439

-4-

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42.

Plaintiff again fails to allege a serious medical need. The allegation a doctor told him he would be going to an outside hospital for surgery suggests the possibility of a serious condition, but provides nothing upon which to conclude it was indeed a serious condition. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in

further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). A court should consider whether a reasonable doctor would think that the condition is worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). Here the Court is once again left to speculate in these regards.

Plaintiff also fails to allege Defendant Ruth acted with deliberate indifference to any serious health risk or need. Plaintiff's mere disagreement or dissatisfaction with the care and treatment provided to him or even a harmless delay in providing it does not state a constitutional claim for deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051,1058 (9th Cir. 2004). The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Plaintiff's First Amended Complaint does not allege fact supporting a plausible Eighth Amendment deliberate indifference claim against Defendant Ruth. The Court previously identified the deficiencies in this claim and gave Plaintiff an opportunity to correct them. Plaintiff has failed to do so. No useful purpose would be served in once again advising Plaintiff as to what is needed and what is lacking in his claims and giving him yet another opportunity to follow those same instructions. It is reasonable to conclude that if Plaintiff could have amended in compliance with the Court's previous screening order, he would have done so. Nothing before the Court reasonably suggests that Plaintiff can successfully amend. Further leave to amend would be futile and will not be granted.

///////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**D.    Equal Protection**

Plaintiff alleges that he was discriminated against in relation to his purported Eighth Amendment claim.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); see Iqbal, 129 S. Ct. at 1949-50.

Plaintiff alleges no facts in support of his conclusion that he was unlawfully discriminated against. His mere allegation that "he was discriminated [against]" without more cannot support a violation of his constitutional rights. He has failed to allege the elements of a cognizable equal protection claim.

For the same reasons as stated above with regard to the medical care claim, it must be concluded that Plaintiff can not successfully amend his claim. Plaintiff's deficient medical indifference claim can not serve as a predicate for a discrimination claim.

-7-

1
2          Accordingly, for the reasons stated amendment of this claim would be futile and will
not be granted.

3    **V.    CONCLUSION AND ORDER**

4          The Court finds that Plaintiff's First Amended Complaint fails to state any § 1983
5    claim upon which relief may be granted against Defendant. Leave to amend would be futile
6
7    for the reasons set out above and will not be granted. Plaintiff's action should be dismissed
8    with prejudice.

9          Based on the foregoing, it is **HEREBY ORDERED** that:

10         1.     This action shall be dismissed with prejudice for failure to state a claim,

11         2.     Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. §
12
13                1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

14         3.     The Clerk shall close the file in this case.

15   IT IS SO ORDERED.

16
17   Dated:    May 21, 2012          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

-8-